**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30307 |
| Plaintiff - Appellant, | D.C. No. 2:08-cr-00102-RHW-1 |
| v. | |
| WAYNE D. MCDUFFIE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30370 |
| Plaintiff - Appellant, | D.C. No. 2:08-cr-00102-RHW-1 |
| v. | |
| WAYNE D. MCDUFFIE, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted October 14, 2011
Seattle, Washington

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BEEZER and PAEZ, Circuit Judges, and COLLINS,[**] District Judge.

The government appeals the district court's orders granting Defendant Wayne McDuffie a new trial and suppressing drug-related evidence. We affirm the grant of a new trial, but reverse the order suppressing evidence.[1]

In granting McDuffie a new trial, the district court concluded that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose in a timely manner certain fingerprint evidence. To establish a *Brady* violation, a defendant must show that "[t]he evidence at issue [is] favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence [was] suppressed by the State, either willfully or inadvertently; and prejudice . . . ensued." *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)) (internal quotations omitted).

---

[**]     The Honorable Raner C. Collins, District Judge for the U.S. District Court for Arizona, sitting by designation.

[1]     We review de novo the grant or denial of a motion for a new trial based upon a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009). We also review de novo the denial of a motion to suppress and whether the exclusionary rule applies to a given case. *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc). The underlying factual findings are reviewed for clear error. *Id.*

The evidence at issue here showed that Detective Barrington's fingerprint was on a drug scale, which was found in the Ash Street apartment. This evidence supported McDuffie's theory that Barrington sought to frame him in order to pressure him to cooperate with one of Barrington's on-going murder investigations. This evidence was disclosed <u>during</u> trial, despite the fact that the government learned of it some five days <u>prior</u> to trial.

The fingerprint evidence is favorable to McDuffie and potentially impeaching of Barrington, the government's key witness. Because the government's disclosure of this evidence near the end of its own case in chief prevented McDuffie from presenting his theory of the case in a coherent manner, the government effectively suppressed it. McDuffie was unable to retain his own experts in forensics or police procedure, or to do any pre-trial discovery into the CD scale's chain of custody. In light of its late disclosure, the evidence was of no "substantial value" to McDuffie. *United States v. Woodley*, 9 F.3d 774, 777 (9th Cir. 1993).

The government's failure to disclose this evidence was also prejudicial, again because it prevented McDuffie from presenting a coherent version of his theory of the case. *See United States v. Bagley*, 473 U.S. 667, 683 (1985). Detective Barrington was the government's key witness, and had McDuffie been

able to present a coherent theory of evidence tampering, there is a reasonable probability that the jury would have discredited Barrington and reached a different conclusion in the case. The prejudicial effect of the government's late disclosure is therefore "sufficient to undermine confidence in the outcome of the trial." *Price*, 566 F.3d at 911. The district court did not err in granting a new trial on the basis of the *Brady* violation.

McDuffie's motion to suppress evidence sought to exclude items seized from searches of McDuffie's car and Walnut Street apartment. The Supreme Court recently held in *Davis v. United States* that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." 131 S.Ct. 2419, 2423-24 (2011). The search of McDuffie's car after the police had already handcuffed him and placed him in a patrol car clearly violated *Arizona v. Gant*, 556 U.S. 332 (2009), which was decided after the search of McDuffie's car but while McDuffie's case was on appeal. The car search, however, did not violate *New York v. Belton*, 453 U.S. 454 (1981), which was binding precedent at the time of the search. Therefore, the search of McDuffie's car—although unconstitutional under *Gant*—does not invoke the exclusionary rule and the evidence found in his car is admissible.

The items seized from McDuffie's Walnut Street apartment, which the district court deemed "fruit of the poisonous tree" and excluded, are also admissible. The exclusionary rule's "sole purpose . . . is to deter future Fourth Amendment violations." *Davis*, 131 S.Ct. at 2426; *see also Hudson v. Michigan*, 547 U.S. 586, 596-99 (2006) (discussing deterrence as a necessary but not sufficient condition for applying the exclusionary rule). There is no deterrent effect when the police are not culpable. *See Davis*, 131 S.Ct. at 2428-29; *see also United States v. Leon*, 468 U.S. 897, 922 (1984). Here, the police obtained a search warrant on the basis of an affidavit that relied, in part, on the evidence found in McDuffie's car, and searched his apartment pursuant to that warrant. Because the police relied on binding appellate precedent when they seized evidence from McDuffie's car, and then properly obtained a warrant before searching his apartment, there would be no deterrent effect from excluding the evidence found in the apartment. We therefore reverse the district court's order granting McDuffie's motion to suppress.

**AFFIRMED in part, REVERSED in part.**